IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH SHERMAN,

    Petitioner,                       No. CIV S-06-0934 GEB KJM P

    vs.

YOLO COUNTY PROBATION OFFICER, et al.,

    Respondent.                   ORDER

/

        Plaintiff is a county jail inmate proceeding pro per with an action he filed on the form for a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is not attacking any of his misdemeanor convictions, but rather claiming that the conditions of his confinement violate his Eighth Amendment rights. As such, his claims may be cognizable under 42 U.S.C. § 1983. Beardslee v. Woodford, 395 F.3d 1014, 1068-69 (9th Cir. 2005), cert. denied, Beardslee v. Woodford, 543 U.S. 1096 (2005).

        In order to pursue a civil rights action under § 1983, plaintiff must pay the filing fee of $350 or submit an application to proceed in forma pauperis under 28 U.S.C. § 1915. The application petitioner has filed does not meet the requirements of the latter statute, because the certificate portion of the request that must be completed by plaintiff's institution of incarceration has not been filled out. Also, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28

1 U.S.C. § 1915(a)(2).

2       Moreover, in a civil rights action, petitioner must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).  The current pleading does not link any defendant to the claimed violations.

      Accordingly, IT IS HEREBY ORDERED:

      1. The instant action is dismissed, but plaintiff is granted thirty days from the date of this order to file an amended complaint on the proper form for a civil rights action.

      2. In conjunction with any amended complaint, plaintiff shall submit a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court along with a certified copy of his prison trust account statement for the six month period immediately preceding the filing and have the certificate portion of his request to proceed in forma pauperis filled out by the institution.

      3. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

      4. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner and a form for a civil rights action.

/////
/////
/////
/////
/////

1   5. The Clerk of the Court is directed to change the designation of this case from
2   prisoner habeas corpus to prisoner civil rights action.
3   DATED: July 14, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/sher0934.nh